United States District Court
District of South Carolina

| | |
|---|---|
| Dupree R. Evans, #149521;  ) | C/A No. 3:06-0145-TLW-JRM |
| ) | |
| Plaintiff;  ) | |
| ) | |
| vs.  ) | **Report and Recommendation** |
| ) | |
| Tom Fox, Director of JRLDC,  ) | |
| ) | |
| Defendant.  ) | |
| ) | |

    The Plaintiff, Dupree Evans (hereafter, the "Plaintiff"), has brought this *pro se* action against the Defendant under Title 42 United States Code Section 1983. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in prisoner petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND

    Plaintiff is incarcerated at the J. Reuben Long Detention Center (JRLDC) in Conway, South Carolina, awaiting trial in the Horry County Court of General Sessions on a charge of murder. See State v. Evans, 2005-GS-26-1319. Plaintiff sues the JRLDC Director seeking an order from this Court granting him access to a law library. Under the Prison Litigation Reform Act (PLRA) of 1996, and particularly 28 U.S.C. § 1915A, this Court is required to screen complaints in civil actions brought by prisoners against government entities to identify cognizable claims and dismiss actions which fail to state a claim upon which relief may be granted. On January 18, 2006, the undersigned filed an

1

order directing Plaintiff to answer Special Interrogatories to supply the additional information required for this mandatory screening. In response to these interrogatories, Plaintiff indicates that he has been provided a public defender to represent him in the pending criminal prosecution.

### *PRO SE* COMPLAINT

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S.97 (1976); Haines v. Kerner, 404 U.S. 519; Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Hughes v. Rowe, supra. Even under this less stringent standard, however, a *pro se* complaint is still subject to summary dismissal. Liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments. Small v. Endicott, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### FAILURE TO STATE A CLAIM

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendant(s) deprived him or her of a federal right, and (2) did so under color of state law. See Gomez v. Toledo, 446 U.S. 635, 640 (1980); and American Mfr. Mut.

Ins. Co. v. Sullivan, 526 U.S. 40, 50-52 (1999).

The United States Court of Appeals for the Fourth Circuit has long held that a pre-trial detainee who has an attorney (or is offered counsel but waives this right) can claim no constitutional right of access to a law library or to legal materials in the underlying criminal prosecution. In United States v. Chatman, 584 F.2d 1358 (4th Cir. 1978) the Court held that Bounds v. Smith, 430 U.S. 817 (1977), did not apply to such a pre-trial detainee:

> We do not read Bounds to support that conclusion. Bounds was concerned with the rights to equal protection and to access to the courts of prisoners who sought to invoke post-conviction relief. . . Bounds, of course, has no direct application to defendant. He was accused of a crime and had an absolute right to counsel, which he validly waived; he had no present thought of pursuing post-conviction relief. But, even so, we do not read Bounds to give an option to the *prisoner* as to the form in which he elects to obtain legal assistance. The option rests with the government which has the obligation to provide assistance as to the form which that assistance will take. Thus, to the extent that it may be said that Bounds has any application to the instant case, the United States satisfied its obligation under the sixth amendment when it offered the defendant the assistance of counsel which he declined. We so hold.

584 F.2d at 1360 (italics in original). Thus, having been offered and having accepted assistance of counsel, the Plaintiff has no constitutional right to law library access.

In Lewis v. Casey, 518 U.S. 343, 351 (1996), the United States Supreme Court specifically declared that its holding in Bounds did not create an "abstract, free standing right to a law library." Even prior to the Lewis decision, the Fourth Circuit had ruled that the United States Constitution does not require a local jail even to have a law library. Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987). In Cruz v. Hauck, 515 F.2d 322, 331-333 (5th Cir. 1975), the Fifth Circuit noted that: "access to the courts may be satisfied

either by availability of legal materials, by counsel, or by any other appropriate device of the State." Plaintiff fails to state a claim upon which relief may be granted.

## **RECOMMENDATION**

The Defendant should not be required to answer this Complaint. It is therefore recommended that the within Complaint be dismissed without prejudice and without issuance or service of process. Plaintiff's attention is directed to the Notice on the following page.

                                                Respectfully Submitted,

                                                s/Joseph R. McCrorey
                                                United States Magistrate Judge

January 31, 2006
Columbia, South Carolina

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201**
